SMITH ET AL. *vs.* MISSISSIPPI MARINE AND FIRE INSU-
RANCE COMPANY.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-
ORLEANS.

Where the policy effects insurance generally, and no mention is made of any part of the cargo being on deck, either in the application for insurance or in the policy, the insurers will not be liable for the loss of the deck load.

So, the insurers are not liable for neglect to specify the cargo on deck in the policy, when no mention is made of it in the application or by the party applying, although a bill of lading mentioning it, was handed to the secretary before issuing the policy, but which he never read or opened.

This is an action to recover from the defendants, the value of certain goods shipped on deck and lost, and which belonged to a lot of goods insured *generally,* to the value of fifteen hun-

dred dollars, on board the schooner Elizabeth and Rebecca, from New-Orleans to City Point, in Virginia. The plaintiffs allege, that when they were about effecting insurance, a bill of lading was placed before the defendants, which specified that part of the cargo was on deck, and that through error it was omitted to be stated in the policy, but for which the defendants are liable as insurers.

EASTERN DIST.
*May*, 1837.

SMITH ET AL.
*vs.*
MISS. MAR. AND
FIRE INS. CO.

The defendants admitted the execution of the policy, but denied any liability for the deck load ; that it was through the neglect of the plaintiffs that the deck load was not covered by the policy.

Upon these issues the parties went to trial.

The secretary of the company, who filled up the policy, declared on oath, that Smith, one of the plaintiffs, came to the office to effect insurance, and handed him a bill of lading which he did not open or read. That he wrote the application which Smith signed after reading it, and the policy was made out accordingly. If Smith had stated at the time, that property was to be insured on deck, the premium would have been doubled, and the construction of the vessel taken into consideration, whether she was high or low deck. When no mention is made, the goods are taken to be under deck. When the goods are on deck it is specially mentioned, and the price of insurance is double.

The policy of insurance in this case was general, no mention being made of any deck load or freight.

The bill of lading which the plaintiff, Smith, carried to the insurance office, on which to effect insurance, specified ninety barrels of Molasses, four hogsheads and one tierce of sugar, as being on deck, and which was lost on the voyage, from tempestuous weather.

The parish judge who tried the cause was of opinion the policy did not cover the lost property, and that the defendants were not liable for any loss or neglect. From judgment rendered in their favor, the plaintiffs appealed.

*Strawbridge*, for the plaintiffs.

*Lockett, contra.*

EASTERN DIST.
May, 1837.

MAYOR ET AL.
*vs.*
RIPLEY ET AL.

Where the policy effects insurance generally, and no mention is made of any part of the cargo being on deck, either in the application for insurance or in the policy, the insurers will not be liable for the loss of the deck load.

So, the insurers are not liable for neglect to specify the cargo on deck, in the policy, when no mention is made of it in the application, or by the party applying, although a bill of lading mentioning it, was handed to the secretary before issuing the policy, but which he never read or opened.

*Martin, J.*, delivered the opinion of the court.

The plaintiffs are appellants from a judgment which rejects their claim against the Insurance Company, for goods shipped on the deck of the vessel.

They sought to take out their case from the general rule, on an allegation that the defendants knew at the time the insurance was effected, that the goods offered for insurance had been shipped on the deck of the vessel. This, however, the parish judge thought the plaintiffs failed to prove.

It appeared that this circumstance was stated in a bill of lading which was left in the company's office. The policy does not state an insurance of goods on deck. It was made according to the written application of the plaintiffs, in which no mention was made of any part of the cargo being on deck. This circumstance was not stated, and the application made no reference to the bill of lading; and it does not appear that the plaintiffs themselves, at the time the insurance was effected, knew that the goods were not in the hold of the vessel, or that any part of the cargo was on deck. From the whole of the testimony and circumstances of the case, it does not appear to us that the parish judge erred.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.